SUMMARY ORDER
ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is VACATED and REMANDED for further proceedings consistent with this order.
On June 20, 2000, defendant-appellant Jermaine Dixon (“appellant” or “Dixon”) was charged in count two of a six-count indictment in the Eastern District of North Carolina. On October 10, 2001, after consenting to a Fed.R.Crim.P. 20 venue transfer to the United States District Court for the Eastern District of New York (Steven Gold, M.J.), Dixon pled guilty to count two: conspiracy to distribute and possess with intent to distribute fifty grams of cocaine base. On May 9, 2005, Dixon was sentenced to life imprisonment, five years of supervised release, and *385 a special assessment of $100, in the Eastern District of New York (Raymond Dearie, /.). As part of appellant’s sentence of life imprisonment, the district court held appellant responsible for an uncharged murder. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
This Court reviews a district court’s findings of fact as they apply to sentencing enhancements for clear error. See United States v. Garcia, 413 F.3d 201, 221-22 (2d Cir.2005). The district court’s interpretation and application of sentencing guidelines are reviewed de novo. Id. at 222 n. 16. In United States v. Watts, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), the Supreme Court held that a preponderance standard for proving relevant conduct “generally satisfies due process,” while leaving open the possibility that the Due Process Clause might require a higher standard of “clear and convincing evidence” in cases where the “tail” of relevant conduct “wagged the dog of the substantive offense.” Id. at 156-57 & n. 2, 117 S.Ct. 633 (internal quotation marks omitted). District courts may find facts relevant to sentencing by a preponderance of the evidence, and take into account acquitted conduct when sentencing defendants, without violating the Due Process Clause. United States v. Vaughn, 430 F.3d 518, 521 (2d Cir.2005). In United States v. Mulder, 273 F.3d 91 (2d Cir.2001), this Court explained, “the preponderance standard applie[s] to fact finding at sentencing even when the proposed enhancement would result in a life sentence.... ” Id. at 116.
To hold appellant responsible for the homicide in the sentencing, the district court had to find that the homicide was part of the “same course of conduct or common scheme or plan” as the offense charged in the indictment. U.S.S.G. § 1B1.3(a)(2); see also United States v. Schaper, 903 F.2d 891 (2d Cir.1990). This Court has drawn “an implicit distinction between these terms, defining same course of conduct apart from common scheme or plan.” United States v. Perdomo, 927 F.2d 111, 114 (2d Cir.1991). Offenses are part of the same course of conduct “if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses.” U.S.S.G. § 1B1.3, Application Note 9(B). Factors for the court to consider include “the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses. When one of the above factors is absent, a stronger presence of at least one of the other factors is required.” Id. A common scheme or plan requires that the offenses “be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi.” Id. at Application Note 9(A). A common scheme or plan “requires a connection among participants and occasions.” United States v. Shonubi, 998 F.2d 84, 89 (2d Cir.1993).
Here, the district court explained that the Gooden murder
was not the product of some sort of happenstance involving a threat unrelated to the business of the criminal conspiracy, to the defendant’s mother____ This followed immediately on the heals of the theft from Peddler [sic], was clearly related to that incident as well as Peddler’s [sic] doing business in the vicinity where this group operated.
However, the district court did not discuss any of the factors listed in U.S.S.G. § 1B1.3, Application Note 9(A) or (B), or make any specific findings regarding how the murder was related to the charged offense beyond the language quoted above. *386 The district court thus failed to make findings that were necessary to justify a sentence of life imprisonment. Further, the district court did not discuss the temporal scope of the drug conspiracy in this case, which would have explained how the charged drug conspiracy related to the uncharged conduct. The government relies, in part, on United States v. Jackson, 161 F.3d 24, 28 (D.C.Cir.1998), for the proposition that a gap between charged and related uncharged conduct can be four years. In Jackson, the D.C. Circuit Court of Appeals noted, “[a] four-year time interval makes the temporal factor weak, and in many cases might be difficult for another factor to outweigh. Two incidents four years apart are hardly the prototypical course of conduct.” Id. at 30. The D.C. Circuit Court concluded, however, that pri- or drug dealing in that case was properly determined to be part of a course of conduct for sentencing purposes because of the “extreme similarity” of two drug transactions where the later transaction had been “structured ... to parallel” the earlier drug transaction. Id. at 30, 26. In this case, the district court did not find that the charged drug conspiracy, which occurred from 1995 to 1996 in North Carolina and elsewhere, paralleled or was otherwise connected to any earlier conspiracy or murder. Finally, it appears that the district court did not conduct its own review of the Sentencing Guidelines, but instead relied on the presentence report’s calculations.
For these reasons, the case must be remanded for the district court to resentence Dixon and consider, inter alia, the temporal and relatedness gap between the charged drug conspiracy and any 1992 drug conspiracy/murder; the factors set forth in 18 U.S.C. § 3553(a), see United States v. Crosby, 397 F.3d 103, 112 (2d Cir.2005); and whether to impose a Guidelines sentence or a non-Guidelines sentence, see id. at 113. Because we vacate and remand the sentence on these grounds, we decline to address appellant’s argument that the evidence was insufficient to establish first degree murder.
Accordingly, for the reasons set forth above, the judgment of the District Court is hereby VACATED and REMANDED for further proceedings consistent with this order.