**UNITED STATES of America,**
Appellee,

v.

**Jermaine DIXON, also known as JT, also known as Sheldon Leon Lee,** Defendant–Appellant.

No. 06–4981–cr.

United States Court of Appeals, Second Circuit.

Jan. 22, 2008.

Joel M. Stein, New York, NY, for Appellant.

Jack Smith, Assistant United States Attorney (Emily Berger, Assistant United States Attorney for the Eastern District of New York, of counsel), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. GREGORY W. CARMAN, Judge.*

### SUMMARY ORDER

Defendant-appellant Jermaine Dixon ("Dixon") appeals from the October 18, 2006 amended judgment of the United States District Court for the Eastern District of New York (Dearie, C.J.), convicting him, based upon his plea of guilty, of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. On June 9, 2006, Dixon was resentenced principally to a term of 30 years' imprisonment and five years' supervised release. We assume the parties' familiarity with the facts and procedural history of this case.

Dixon challenges his sentence on three grounds: (1) the homicide of Alphonso "Jukuta" Gooden does not constitute "relevant conduct" for which he should receive an enhanced sentence under U.S.S.G. § 1B1.3; (2) there was an insufficient basis for the district court's finding that the theft of cocaine by Dixon's brother prior to the Gooden homicide constituted relevant conduct under U.S.S.G. § 1B1.3; and, in the alternative, (3) there was insufficient evidence to establish that he acted with premeditation in committing the killing, as required to prove murder in the first degree for sentencing purposes.

■ As to Dixon's first contention, the district court reasonably found that the incident of the homicide was either part of a common scheme or the same course of conduct as Dixon's instant offense, thus satisfying the standard for relevant conduct under U.S.S.G. § 1B1.3(a)(2). See U.S.S.G. § 1B1.3 Application Note 9(A). The record establishes that Dixon committed the homicide in conjunction with other members of the narcotics conspiracy to which he pled guilty; the homicide had a common purpose with the narcotics conspiracy in that the homicide allowed Dixon and his fellow conspirators to retain a large sum of stolen narcotics and sell them as part of their operation; and the homicide was the direct result of a robbery of narcotics by Dixon's brother from a rival drug trafficker, a common practice of the Patio Crew. Further, to the extent that Dixon disputes that the narcotics were stolen from a competitor or that the homicide was motivated by independent threats to his mother rather than by any relationship to buying, selling, or stealing cocaine, the facts as found by Judge Dearie establish the contrary. Accordingly, the district court did not clearly err in enhancing Dixon's 10–year statutory minimum based upon the homicide as relevant conduct.[1] See 18 U.S.C. § 3742(e).

---

* The Honorable Gregory W. Carman, Judge, United States Court of International Trade, sitting by designation.

1. We likewise reject Dixon's challenge to the specificity of Judge Dearie's rulings. After reviewing the record, we conclude that Judge Dearie made sufficient findings of fact as to how the homicide was related to the charged offense. For example, Judge Dearie's decision made clear that he found "[t]he evidence [to] show[ ] beyond any question that this conspiracy was alive and well for a considerably long period of time and violence was commonplace to punish confederates [of the Patio Crew], to ward off competitors, to deter theft, ... and I think it's relevant conduct."

As to Dixon's second contention, Agent DeMartino testified that Dixon admitted during interviews with the government that he knew of his brother's robbery before the homicide, and that this dispute led to Gooden's murder. Dixon's co-conspirator, Dexter Bailey, corroborated this testimony at Dixon's sentencing hearing. Because we are particularly hesitant to disturb the sentencing court's determinations when they are based on its evaluation of the credibility of witnesses before it, *see United States v. Thai*, 29 F.3d 785, 814 (2d Cir.1994), we find no clear error in the district court's conclusion that the theft of cocaine constituted relevant conduct under U.S.S.G. § 1B1.3, *see* 18 U.S.C. § 3742(e).

As to Dixon's third contention, ample evidence supports the district court's finding that Dixon committed premeditated murder. For example, Bailey testified that he, Dixon, and Dixon's brother shot "directly" at Gooden. The record also reflects that Dixon pursued Gooden down a public street, firing at him repeatedly. Dixon's argument is therefore unavailing. *See United States v. Mulder*, 273 F.3d 91, 117 (2d Cir.2001).

We have considered defendant's remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is AFFIRMED.