**ALD-220** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4089
_____

JERMAINE DIXON,
 Appellant

v.

WARDEN OF FCI SCHUYLKILL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:15-cv-00210)
District Judge: Honorable Edwin M. Kosik
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2016

Before: AMBRO, SHWARTZ and NYGAARD, <u>CIRCUIT JUDGES</u>

(Opinion filed: April 19, 2016)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Jermaine Dixon, proceeding pro se, appeals from the orders of the United States District Court for the Middle District of Pennsylvania ("the MDPA") dismissing his habeas petition and denying his related motion to reconsider. For the reasons that follow, we will summarily affirm both orders.

I.

In 2001, Dixon pleaded guilty in the United States District Court for the Eastern District of New York ("the EDNY") to conspiracy to possess and distribute cocaine base in violation of 21 U.S.C. §§ 841 and 846. The EDNY sentenced him to life in prison, but the United States Court of Appeals for the Second Circuit ("the Second Circuit") vacated that judgment and remanded for resentencing. See United States v. Dixon, 175 F. App'x 384, 386 (2d Cir. 2006) (per curiam). Following remand, the EDNY resentenced him to 30 years in prison. The Second Circuit then affirmed that new judgment. See United States v. Dixon, 262 F. App'x 300, 301-02 (2d Cir. 2008) (per curiam). Later, Dixon filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The EDNY denied that motion in 2013, and Dixon did not appeal.

In January 2015, Dixon filed a second § 2255 motion, seeking relief in light of Burrage v. United States, 134 S. Ct. 881 (2014). In that case, the Supreme Court explained, in pertinent part, that the "death results" sentencing enhancement in 21 U.S.C. § 841(b)(1) "is an element that must be submitted to the jury and found beyond a

2

reasonable doubt." Burrage, 134 S. Ct. at 887.[1]  Shortly after Dixon filed his new § 2255

motion, the EDNY transferred the matter to the Second Circuit because that motion had

not been authorized by the Second Circuit.  Following transfer, the Second Circuit

directed Dixon to file, within 45 days, an application for leave to file that § 2255 motion.

It appears that Dixon never complied with this directive.  In April 2015, the Second

Circuit dismissed the case in light of his noncompliance.

   While that Second Circuit case was pending, Dixon filed a pro se habeas petition

in the MDPA pursuant to 28 U.S.C. § 2241, again seeking relief under Burrage.[2]  On

February 27, 2015, the MDPA dismissed the petition for lack of jurisdiction, concluding

that a § 2255 motion was not an inadequate or ineffective means of challenging his

sentence.  Dixon timely moved the MDPA to reconsider that decision.  On December 8,

2015, the MDPA entered an order denying reconsideration.  This timely appeal followed.

## II.

   We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[3]

We exercise plenary review over the MDPA's dismissal of Dixon's habeas petition, see

Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam), and

we review the MDPA's denial of his motion to reconsider for abuse of discretion, see

---

[1] This enhancement increases the mandatory minimum and maximum sentences when "death or serious bodily injury results from the use of [the controlled substance in question]."  21 U.S.C. § 841(b)(1)(A)-(C).

[2] At the time the petition was filed, Dixon was incarcerated in the Federal Correctional Institution-Schuylkill in Minersville, Pennsylvania.

[3] Dixon does not need a certificate of appealability to proceed with this appeal.  See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010). In reviewing each of these orders, we examine the MDPA's legal conclusions under a de novo standard and the MDPA's factual findings under a clearly erroneous standard. See Cradle, 290 F.3d at 538 (discussing review of order dismissing habeas petition); Howard Hess Dental Labs. Inc., 602 F.3d at 246 (discussing review of order denying reconsideration). We may take summary action if this appeal does not present a substantial question. See 3d Cir. I.O.P. 10.6.

As we have previously explained, "§ 2255 must be used to raise a challenge to the validity of a [federal prisoner's] conviction or sentence unless that section is 'inadequate or ineffective.'" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); see 28 U.S.C. § 2255(e). The "inadequate or ineffective" exception applies in rare circumstances only, such as when a federal prisoner had "no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is not inadequate or ineffective merely because relief under § 2255 was previously denied or the federal prisoner cannot meet the gatekeeping requirements for filing a second or successive § 2255 motion. Cradle, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538.

We agree with the MDPA that this case is not one of the rare instances where § 2255 would be inadequate or ineffective. The Supreme Court's decision in Burrage did not decriminalize the conduct for which Dixon was convicted. Rather, Burrage merely

4

applied <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and one of <u>Apprendi</u>'s progeny, <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). <u>See</u> <u>Burrage</u>, 134 S. Ct. at 887.[4] We have previously held that a § 2255 motion is not an inadequate or ineffective vehicle for raising an <u>Apprendi</u>-based argument. <u>See</u> <u>Okereke</u>, 307 F.3d at 120-21. Accordingly, the MDPA correctly concluded that Dixon could not resort to § 2241 to raise his <u>Burrage</u> claim, and the MDPA did not err in denying his motion to reconsider.

Because this appeal does not present a substantial question, we will summarily affirm the MDPA's February 27, 2015, and December 8, 2015 orders.

---

[4] In <u>Apprendi</u>, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In <u>Alleyne</u>, the Supreme Court held that the same rule applies to "facts that increase mandatory minimum sentences." 133 S. Ct. at 2163.